[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
This action concerns a dispute over a roofer's bill. The Muellers intended to build a home. They engaged the services of the co-defendant, Louis Gagnon, to do much of the work and to supervise persons in various trades who would also work on the job. Among them was the plaintiff whose employment was arranged by Gagnon and was approved by the Muellers. There was conflicting evidence as to an agreement as to the basis for charges by Bratz but that became irrelevant because of a novation hereinafter referred to. In any event, the Muellers became dissatisfied with Bratz's work and that led to a conference between Bratz and one of the Muellers. The upshot was an agreement that Bratz would be paid $14,000 "for all work done and to be done" "including fix leaks and miscellaneous". Bratz was then paid $10,000 with $4,000 being withheld until certain corrective work was accomplished.
The evidence, and particularly a series of photographs, demonstrate clearly that the roofing work left much to be desired. There were a number of leaks in the roof which had to be sealed. One of these, around a chimney, was not the responsibility of Bratz but of the mason who built the chimney. In one area a course of shingles was missing. The roof overhang was too short to divert water from the fascia and in some locations the overhang was not straight. Ridge boards were improperly installed with the result that they separated from the roof and split. The work around the A frames was such that shingles had to be removed and replaced. The Boston hips at the ridge line were crooked and CT Page 2292 uneven. Bratz did some remedial work but refused to complete it until he was paid in full. With that he was terminated and the Muellers produced convincing evidence that hiring another roofer to correct the defects that remained would cost just over $3,900 and they paid another contractor $140 for some repairs.
Therefore I conclude that there were defects in the roofing work that were the responsibility of Bratz; that correction would cost at least $4,000 that was withheld, and therefore Bratz is due nothing.
Gagnon has cross claimed against the Muellers claiming he be indemnified for his cost of defense. In entirely separate proceeding involving a dispute between Gagnon and the Muellers, a settlement was reached and as part thereof, the Muellers gave Gagnon a release which contained the following:
 The [Muellers do] hereby covenant and agree to indemnify and hold harmless [Gagnon] from and against any loss or liability arising out of any claim asserted by any of [Gagnon's] subcontractors for labor and/or materials furnished in the course of construction on said property.
A defense to this claim by Gagnon for indemnity interjected by the Muellers is that Bratz was not a subcontractor of Gagnon. This is a somewhat astounding claim insofar as in paragraph 4 of an agreement between the Muellers and Gagnon dated April 24, 1989 concerning the construction of their home and admitted into evidence as defendants' exhibit 1 Bratz is referred to as a subcontractor. Even absent such an admission the course of conduct of the parties clearly demonstrates that Bratz was a subcontractor. Gagnon arranged for his services and the only involvement of the Muellers prior to the novation was to approve of that hiring and to give instructions to Gagnon.
Gagnon is seeking attorney's fees under the indemnity agreement and therefore any such award is governed by Burr v. Lichtenstein, 190 Conn. 351. In that case, the Supreme Court stated at 363: "The general rule is that, in the absence of express contractual terms to the contrary, allowance of fees is limited to the defense of the claim which was indemnified and does not extend to services rendered in establishing the right to indemnification."
Gagnon's attorneys have submitted an affidavit that they have rendered services to him valued at $7,470. To incur such expense in defense of a claim for $4,000 is clearly unreasonable. Gagnon, CT Page 2293 as an agent for a disclosed principal, had a complete defense to any claim by Bratz, and that could be determined without extensive research and did not present any novel or difficult question of law. The trial took only major portions of three days. I am forced to conclude that the major portion of the charge had to do with establishing the right to indemnification and only a portion concerned defense of the claim indemnified against. It is my opinion that a charge of $1,700 for the defense against Bratz is reasonable.
Judgment may enter for all defendants on the complaint, and for Gagnon on the cross claim against the Muellers in the amount of $1,700.
J. HEALEY, STATE TRIAL REFEREE